UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN A. SLATER,

Plaintiff,

Case No. 1:25-cv-604

v.

Hon. Hala Y. Jarbou

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
_____________________________________/

**ORDER**

This action is an appeal from a decision of the Social Security Administration (SSA) denying Plaintiff disability insurance benefits and supplemental security income. The magistrate judge initially recommended that the Court affirm the SSA's decision (ECF No. 20), but the Court sustained Plaintiff's objection and remanded the case to the SSA (ECF No. 23). Plaintiff has now moved for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 25). The magistrate judge issued a report and recommendation (R&R) that the Court grant in part and deny in part the motion for attorneys' fees. (R&R, ECF No. 28.) The magistrate judge reasoned that because much of Plaintiff's briefing was focused on arguments that were ultimately unsuccessful, Plaintiff's counsel is only entitled to fees for 17.1 hours of work rather than the total 26.1 hours, leading to a fee award of $4,172.40. Plaintiff has filed an objection to the R&R (ECF No. 29).

In determining a fee award, "the court must exclude time spent on unsuccessful claims that are unrelated to a plaintiff's successful claims." *Harper v. BP Expl. & Oil, Inc.*, 3 F. App'x 204, 207 (6th Cir. 2001). On the other hand, if the unsuccessful claims are *related* to the successful

ones, the Court should award fees for the full time expended on the case as long as the plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* "When the plaintiff has achieved excellent results, the court should award the attorney a fully compensatory fee," even if "the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* "Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing the fee." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 554 (6th Cir. 2008). Moreover, "when several claims arise from a common core of facts, much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 823 (6th Cir. 2013).

Here, Plaintiff did not bring multiple distinct or readily separable claims. Instead, he made several related arguments regarding the SSA's decision, all centering on whether the administrative law judge (ALJ) properly considered Plaintiff's seizures when determining the work that he could perform. The argument on which Plaintiff ultimately succeeded was that the ALJ did not address testimony regarding side effects of Plaintiff's seizure medication. Although Plaintiff did not devote a significant portion of the briefing to this issue, he did raise it in his initial brief (Pl.'s Br., ECF No. 13, PageID.636, 645), and it was closely intertwined with the other arguments he raised. Plaintiff also achieved the ultimate outcome he sought: a remand to the SSA. Therefore, the Court agrees with Plaintiff that his counsel may recover fees for the full time he spent working on the case.

Accordingly,

**IT IS ORDERED** that Plaintiff's objection to the R&R (ECF No. 29) is **SUSTAINED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 28) is **APPROVED IN PART** and **REJECTED IN PART**. The Court approves the recommendation that it grant attorneys' fees at an hourly rate of $244.00, but rejects the recommendation that it only award fees for 17.1 hours of work.

**IT IS FURTHER ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 25) is **GRANTED**. Plaintiff is entitled to $6,368.40 based on 26.1 hours at an hourly rate of $244.00.

A judgment will enter in accordance with this Order.

Dated: October 2, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE